UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CORY SANDERS,

                           Petitioner,

        -against-

DALE ARTUS,

                           Respondent.

------------------------------------------------------------- x

MEMORANDUM AND ORDER

10-CV-1025 (ENV)

**VITALIANO, D.J.**

Petitioner Cory Sanders, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed on this ground.

## BACKGROUND

On March 30, 2006, petitioner was convicted of murder in the second degree, among other charges, upon a jury verdict in Supreme Court, Queens County. He was sentenced to a term of imprisonment of 25 years to life. See Petition at ¶¶ 1-5. On May 13, 2008, the Appellate Division affirmed the conviction, People v. Sanders, 51 A.D.3d 825, 858 N.Y.S.2d 291 (2d Dep't 2008), and the New York Court of Appeals denied leave to appeal on August 8, 2008. People v. Sanders, 11

N.Y.3d 741, 864 N.Y.S.2d 399 (Table) (2008). Petitioner did not file a petition for certiorari with the United States Supreme Court. See Petition at ¶ 9 (h).

## DISCUSSION

AEDPA sets a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the last occurring date of any one of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears to be untimely.

Petitioner's conviction became final on or about November 6, 2008, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334, 127 S. Ct. 1079, 1084 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before November 6, 2009. Instead, this petition, dated February 28, 2010, see Petition at 15, was filed with this Court on March 4, 2010,

---

[1] Petitioner does not state any facts from which the Court might infer or conclude that subsections (B), (C) or (D) are applicable.

nearly four months after the one-year limitations period expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

A. **Statutory Tolling**

In calculating the one-year statute of limitations period, "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

Here, petitioner alleges that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 which was denied at the trial and appellate levels, but he does not provide the dates he filed the § 440.10 motion in state court or the dates of any other decisions related to this motion. The Court, as a result, cannot determine whether statutory tolling would render this petition timely. Petitioner must provide the dates he filed the § 440.10 motion(s) in the state courts and the dates of their decision.

B. **Equitable Tolling**

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 549 U.S. at 336, 127 S. Ct. at 1085 (assuming, without deciding, that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks and citation omitted). The Second Circuit has held that equitable tolling should be applied

3

only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition.

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1683 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

In the affirmation, petitioner must provide the dates he filed his § 440.10 post-conviction motion(s) in state court, the dates he appealed the denial and the dates of each decision rendered in connection with any § 440.10 motion. Petitioner's affirmation should also present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 16, 2010

---

[2] An affirmation form is attached to this order for petitioner's convenience.

4